**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

MAXIMINO OROZCO RAMIREZ,

Petitioner,

v.

WARDEN OF THE MESA VERDE DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-07285-JLT-SAB

A-Number: 221-497-986

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS; AND ORDER DISMISSING THE MOTION TO APPOINT COUNSEL AND TO ENFORCE JUDGEMENT

(Docs. 1, 12.)

## I. INTRODUCTION

Maximino Orozco Ramirez a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, the Court **DISMISSES** the petition for writ of habeas corpus without prejudice

## II. BACKGROUND

Petitioner is a native and citizen of Guatemala who entered the United States without inspection and at an unknown date and time. (Doc. 8-1 at 2.) ICE became aware of

Petitioner following his arrest for domestic battery by strangulation. (*Id.*) On March 1, 2026, Petitioner was encountered by ICE while in jail and arrested pursuant to a Form I-200 Warrant for Arrest. (Doc. 8-2.) On April 4, 2026, Petitioner was served with a Notice to appear, charging him pursuant to §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. (Doc. 8-3.)

On September 10, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights have been violated. (*See* Doc. 1 at 16.) On October 6, 2026, Respondents filed an answer to the petition, arguing that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and thus the only relief he should be granted is a custody redetermination hearing pursuant to 8 U.S.C. §1226(a) and its implementing regulations. (*See* Doc. 8.) On October 8, 2026, Respondents informed the Court that, they were treating Petitioner's petition as a request for a bond hearing, and Petitioner was promptly scheduled for a bond hearing before an immigration judge on October 20, 2026. (Doc. 9 at 2.) On October 26, 2026, Petitioner filed a "motion to enforce judgement," in which he argues that the bond hearing he received on October 20, 2026 "did not comply with this Court's order." (Doc. 12.) It is unclear from the record whether Petitioner appealed the IJ's determination to the Board of Immigration Appeals. Petitioner is detained at the Mesa Verde ICE Processing Center in Bakersfield, California. (Doc. 1 at 1.)

## III. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

///

///

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

To the extent Petitioner's motion to enforce seeks to challenge the immigration judge's bond decision, he has not exhausted his administrative remedies. 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citations omitted).

The *Puga* factors weigh in favor of requiring Petitioner to exhaust his administrative remedies. First, the BIA is the subject-matter expert for appeals of custody redetermination and bond decisions. Accordingly, BIA consideration of the IJ's decision—specifically the IJ's dangerous finding—is necessary to generate a proper record and reach a proper decision. Second, waiving exhaustion in this instance would encourage others to deliberately bypass the established administrative scheme, which contemplates appeals with the BIA, not the district court, in the first instance. Third, the outcome of such appeal may provide Petitioner with the

relief sought in this proceeding and eliminate the need for judicial review. Moreover, nothing in the record suggests that exhaustion should be excused in this case. Petitioner does not contend that administrative review before the BIA would be inadequate or ineffective, nor does he argue that pursuing such relief would have been futile. There is likewise no showing that irreparable harm would have resulted from complying with the administrative process. Accordingly, Petitioner's motion to enforce challenging his bond decision should be dismissed without prejudice for failure to exhaust administrative remedies.

However, Petitioner's claims challenging the constitutionality of his continued detention under 8 U.S.C. § 1226(a) may be reviewed by this Court. *See Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (waiver of exhaustion requirement proper where the petitioner raised a purely legal challenge). As such, the Court turns to Petitioner's claims that his continued detention under 8 U.S.C. § 1226(a) violates his due process rights. (*See* Doc. 1 at 16.)

**B. Due Process**

The parties do not dispute that Petitioner is detained under 8 U.S.C. § 1226(a) following his arrest and detention. Petitioner received the process to which he was entitled under that statute—namely, a bond hearing before an IJ on October 20, 2026. Moreover, Petitioner has not identified a basis for the Court to order his immediate release or a second bond hearing pursuant to the Due Process Clause at this time. Accordingly, Petitioner's continued detention under 8 U.S.C. § 1226(a) is constitutional.

Petitioner also asks this Court to appoint counsel in his habeas action. (Doc. 12.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." As explained above, considering Petitioner's conviction related to a controlled substance, the Court Petitioner received the process to which he was entitled under that statute and has failed to demonstrate any other basis for habeas relief. Accordingly, the interests of justice do not require appointment of counsel.

For the foregoing reasons, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice to Petitioner filing a renewed habeas petition if his continued detention becomes

unconstitutionally prolonged.

2. The motion to enforce judgement and request for appointment of counsel (Doc. 12) is **DISMISSED** without prejudice.

3. The Clerk of Court is directed to enter judgment for Respondents and close this case.

IT IS SO ORDERED.

Dated: _October 28, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE